UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ELIZABETH T.,<br><br>    Plaintiff,<br> v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | CASE NO. 2:25-CV-577-DWC<br><br>ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of her applications for Supplemental Security Income (SSI) benefits and Disability Insurance Benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court concludes that this matter must be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order.

## I. BACKGROUND

Plaintiff applied for DIB on June 20, 2022, and for SSI on September 1, 2022. Administrative Record (AR) 17. Her alleged date of disability onset is February 1, 2022. *Id.* Her

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 1

requested hearing was held before an Administrative Law Judge (ALJ) on November 7, 2024. AR 38–74. On December 6, 2024, the ALJ issued a written decision finding Plaintiff not disabled. AR 14–37. The Appeals Council declined Plaintiff's timely request for review, making the ALJ's decision the final agency action subject to judicial review. AR 1–6. On April 4, 2024, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's decision. Dkt. 5.

## II.  STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III.  DISCUSSION

In her opening brief, Plaintiff argues the ALJ erroneously assessed the medical opinions of Pamela Kahn, LICSW; Rebecca McClinton, LMHC; and Douglas Uhl, PsyD; as well as her subjective symptom testimony regarding her mental symptoms. Dkt. 11.[1]

For applications, like Plaintiff's, filed after March 27, 2017, ALJs need not "defer or give any specific evidentiary weight, including controlling weight, to" particular medical opinions, including those of treating or examining sources. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Rather, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, considering each opinion's "supportability" and "consistency," and, under some circumstances, other factors. *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. §§

---

[1] Plaintiff also contends the ALJ's RFC assessment was erroneous because it did not include limitations supported by the evidence she contends was improperly evaluated, but the Court addresses this argument by considering whether the evidence was improperly discredited and, if so, whether that improper assessment rendered the RFC incomplete. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008) (RFC inadequacy based only on other arguments not independent basis for remand).

1  404.1520c(b)–(c), 416.920c(b)–(c). Supportability concerns how a medical source supports a
2  medical opinion with relevant evidence, while consistency concerns how a medical opinion is
3  consistent with other evidence from medical and nonmedical sources. 20 C.F.R. §§
4  404.1520c(c)(1), (c)(2); 416.920c(c)(1), (c)(2).

5       Ms. Kahn, Plaintiff's treating provider, completed an opinion in October 2024. AR 2075–
6  82. She opined Plaintiff was unable to meet competitive standards in several mental abilities
7  needed to do unskilled work, including completing a normal workday or workweek without
8  interruptions, performing at a consistent pace, accepting instructions and responding
9  appropriately to criticism, getting along with co-workers, dealing with normal work stress, and
10  setting realistic goals. AR 2075–77.

11       The ALJ found Ms. Kahn's opinion unpersuasive. AR 28–29. The ALJ found the opinion
12  unsupported because she "cited to symptoms" of Plaintiff's impairments but "did not cite to any
13  objective findings." AR 29. However, Ms. Kahn provided a two-and-a-half-page explanation of
14  her opinion, and her explanation included reference to her observations of Plaintiff. AR 2080–82.
15  Defendant argues the ALJ's finding was nonetheless a proper supportability finding because Ms.
16  Kahn did not tie her description of Plaintiff's symptoms into her opined work-related limitations.
17  Dkt. 13 at 14.

18       The Court disagrees. Ms. Kahn stated she "witnessed [Plaintiff's] lack of focus,"
19  observed she requires "standby company" to feel motivated, and wrote Plaintiff "suffers [from]
20  lack of follow through" and goes through periods of "isolating for 3-7 day periods." AR 2080.
21  She also explained:

> I have witnessed the cycle of manic behavior (witnessed by pressured speech, elevated mood, flight of ideas, poor attention and easily distracted)[,] [and] [m]anic behaviors followed by depressive episodes (Witnessed by isolating, loss of hope

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 3

and loss of interest in usually joyful activities), at least bimonthly cycles, during our work together this past year.

*Id.* After describing symptoms of Plaintiff's Bipolar Disorder, she explained that "as an employee [Plaintiff's] behaviors[] would reasonabl[y] be predictive of poor outcomes" and she "could reasonably be expected to generate negative work relationships." AR 2081. Similarly, she wrote Plaintiff's "depressive symptoms are likely to impede consistent attendance." *Id.*

Ms. Kahn's explanation, therefore, did describe how the mentioned symptoms would affect Plaintiff's work abilities. Further, her reference to her own observations of Plaintiff's psychological functioning did provide objective medical evidence supporting her opinion. *See* 20 C.F.R. §§ 404.1513(a)(1) ("objective medical evidence is medical signs, laboratory findings, or both"), 404.1502(g) ("signs" include "psychological abnormalities that can be observed"); *see also Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) ("Dr. Kenderdine also conducted a clinical interview and a mental status evaluation. These are objective measures and cannot be discounted as a 'self-report.'"). The ALJ therefore erred in finding Ms. Kahn's opinion unsupported.

With respect to consistency, the ALJ wrote the "opinion overstates the claimant's limitations" and that the evidence of record was "more consistent" with the limitations in the RFC. AR 29. Defendant clarifies this was a reference to examination results, some referenced elsewhere in the ALJ's decision, revealing Plaintiff had normal memory and concentration, as well as treatment notes describing Plaintiff as "stable" in group therapy sessions and stating she found such sessions "very helpful." Dkt. 13 at 14–15.

But such evidence does not undermine most of Ms. Kahn's opinion. Ms. Kahn indicated much of her assessment of Plaintiff's symptoms was based on cyclical symptoms, so such one-time observations where Plaintiff was doing well are not necessarily substantial evidence to

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 4

reject the opinion. *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) ("Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances, it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working.").

Further, the evidence cited by the ALJ is not probative as to many of the limitations opined by Ms. Kahn. Ms. Kahn assessed, for instance, an absenteeism limitation based on Plaintiff's depressive symptoms. *See* AR 2081. This is not undermined by the evidence cited by Defendant. Similarly, the Court cannot discern how the evidence cited by the ALJ suggests Plaintiff can set goals, respond to criticism, or deal with stress.

Evidence showing Plaintiff found group therapy sessions "helpful," at best, shows she experienced some improvement in her condition; it does not show improvement in any of the specific areas Ms. Kahn identified or that her conditions no longer had a significant impact on her work-related abilities. *See Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("some improvement" in a person's symptoms "does not mean that the person's impairments no longer seriously affect her ability to function in a workplace"). Nor do notations that Plaintiff was "stable" necessarily mean Plaintiff's symptoms improved such that they were no longer disabling. *See Martinez v. Comm'r of Soc. Sec.*, No. 1:20-CV-00439, 2021 WL 2915018, at *6 (E.D. Cal. July 12, 2021) ("'[F]airly stable' and 'doing well' are relative terms.") (citation omitted).

In sum, the ALJ failed to provide proper reasons supported by substantial evidence for rejecting Ms. Kahn's opinion. Defendant does not contend such an error was harmless, so the Court reverses. *See Ferguson v. O'Malley*, 95 F.4th 1194, 1204 (9th Cir. 2024) ("The

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 5

1  Commissioner does not contend that the ALJ's error was harmless. Consequently, we reverse the
2  judgment …").
3        Having found reversible error, the Court need not consider Plaintiff's other contentions.
4  Plaintiff contends the case should be remanded for an award of benefits (Dkt. 11 at 17), but the
5  Court finds the record is not free from ambiguities, conflicts, and gaps, and therefore remands for
6  further proceedings. *See Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). On remand, the
7  ALJ should reassess the medical evidence and, if appropriate, reassess his RFC finding and his
8  finding at step five of the sequential evaluation process.

### IV.  CONCLUSION

For the foregoing reasons, the Court **REVERSES** and **REMANDS** the decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

Dated this 30th day of September, 2025.

David W. Christel
United States Magistrate Judge